UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| AMY BLAU, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00171-MSM-LDA |
| | ) | |
| GOING GLOBAL, LLC, et al. | ) | |
| Defendants. | ) | |

ORDER

Mary S. McElroy, United States District Judge.

This is a civil action in which the plaintiff, Amy Blau, seeks damages from Going Global, LLC, a company she contends she founded, as well as from the company's co-founders Brian Cohen and Kurt Lopez, based on breach of contract, breach of fiduciary duty, unjust enrichment, and other related state law claims. Diversity jurisdiction is predicated on Blau's residence in Rhode Island, Going Global's incorporation in Nevada, Cohen's residence in California, and Lopez's residence in Mexico. A brief history of the company's development is relevant to the jurisdiction issue presented in the Motion to Dismiss filed by Mr. Lopez (ECF No. 6).

Ms. Blau and Mr. Cohen were in a romantic relationship, living together in Rhode Island, when the company was founded around February 2020. Mr. Lopez was apparently a friend of Mr. Cohen. According to Ms. Blau, but disputed by Mr. Lopez

1

and Mr. Cohen, the three agreed to form the company while Mr. Lopez was staying at the Renaissance Hotel in Providence for several days in February 2020. According to Ms. Blau, they drafted Articles of Incorporation, filed electronically in Nevada, naming the three of them equal founding members of the corporation. They also executed an Operating Agreement which provided that all net profits would be split equally and engaged in other activities incidental to the formation of the company.[1]

Sometime later, in September 2020, the Articles were amended and Ms. Blau's name was removed as a member. Ms. Blau contends she was tricked into doing this by the two men. Mr. Lopez maintains that she was never intended to be an equal member and that her name was included in error on the original papers.

### Motions Before the Court (ECF Nos. 6, 8, 9)

Mr. Lopez maintains that none of the scenario described by Ms. Blau occurred in the formation of the company, and that his stay in Providence was short and limited to a social dinner with no business activity. The disagreement between them over what happened when they were together in Rhode Island forms the basis of Mr. Lopez's primary reason for moving to dismiss. (ECF No. 6.) He disputes personal jurisdiction, contending that his activity in Rhode Island in February 2020 – the only time, he maintains, that he has physically been in the State – could not satisfy the criteria for specific personal jurisdiction under Rhode Island's long arm statute, R.I.G.L. 1956 § 9-5-33(a). The criterion of "necessary minimum contacts" for *in*

---

[1] The merits of the lawsuit concern the defendants' contention that Ms. Blau was never an equal member entitled to profits but simply a consultant who was paid for services rendered on specific projects.

*personam* jurisdiction over an individual nonresident is the same as that required by the due process clause of the United States Constitution. *Conn v. ITT Aetna Fin. Co.,* 252 A.2d 184, 187 (R.I. 1969) (long arm statute extends a reach no further than due process clause).

Ms. Blau has requested jurisdictional discovery (ECF No. 8) to present evidence that Mr. Lopez's activities in Rhode Island demonstrated the kind of "purposeful contact[] with the forum" that constitutes "purposeful availment of this state's jurisdiction." *Cassidy v. Longquist Mgmt. Co., LLC,* 920 A.2d 228, 234 (R.I. 2007). Her allegations about Mr. Lopez's activities around the time of Going Global's founding in or about February 2020, supported by her Affidavit (ECF No. 8-3), constitutes "a colorable case for the existence of *in personam* jurisdiction," sufficient to entitle her to "a modicum of jurisdictional discovery if the [defendant] interposes a jurisdictional defense." *Sunview Condominium Ass'n v. Flexel Intern., Ltd.,* 116 F.3d 962, 964 (1st Cir. 1997). The Defendants object to jurisdictional discovery (ECF No. 12).

Ms. Blau has submitted Requests for Production directed at Mr. Cohen and Mr. Lopez (ECF No 8-2). The Court GRANTS her Motion for limited jurisdictional Discovery (ECF No. 8) and permits her to serve, within the next fourteen (14) days, the proposed Requests for Production upon Mr. Cohen and Mr. Lopez, who shall have thirty (30) days in which to respond. Ms. Blau may, within ten (10) days after receiving responses to those Requests, complete depositions of defendants Lopez and Cohen, either in-person or by remote means. These discovery mechanisms are limited

to the factual issue of Mr. Lopez's contacts with Rhode Island with respect to specific personal jurisdiction. Decision on the Motion to Dismiss (ECF No. 6) is RESERVED until after jurisdictional discovery is complete.

Ms. Blau has also requested permission to issue documentary subpoenas to unnamed third parties. The Court is unwilling to permit a broad scope of third-party discovery with no specification of the documents Ms. Blau would seek or the identity of the keepers of those documents. Therefore, the Motion for Expedited Discovery (ECF No. 8) is GRANTED in part, as it relates to the proposed Requests for Production and two depositions and DENIED in part as it relates to third parties.

Ms. Blau's Motion for an Extension of Time in which to Respond to Defendants' Motion to Dismiss (ECF No. 8) is GRANTED. Ms. Blau may respond no later than fourteen (14) days after completion of the limited discovery allowed in this Order.

Finally, Ms. Blau's Motion for a Temporary Restraining Order for Prejudgment Writs of Attachment is DENIED.  (ECF No. 9.)

IT IS SO ORDERED:

*May S. McElroy*
_____
Mary S. McElroy,
United States District Judge

June 16, 2022