UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| AMY BLAU,          Plaintiff,<br><br>v.<br><br>GOING GLOBAL, INC., et al,          Defendants. | )<br>)<br>)<br>)<br>)   No. 1:22-cv-00171-MSM<br>)<br>)<br>)<br>) |

ORDER

Mary S. McElroy, United States District Judge.

On Sept. 28, 2022, the Court denied defendant Kurt Lopez' Motion to Dismiss contesting personal jurisdiction. (ECF No. 23.) Mr. Lopez has now moved for reconsideration of that denial, contending that because the plaintiff subsequently acknowledged in a deposition that she lacked personal knowledge of a certain allegation upon which the Court's jurisdiction finding was based, the Court should find personal jurisdiction wanting. The allegation, which has now been disavowed by Ms. Blau, asserted that Mr. Lopez, a resident of Mexico, had taken steps to form the Going Global company from his hotel room while on a three-day visit to Rhode Island. In conjunction with other facts asserted, the Court found that this satisfied the "purposeful availment" necessary to exercise personal jurisdiction. (ECF No. 23, at 3.) Mr. Lopez' Motion for Reconsideration argues that because Ms. Blau has

1

acknowledged she had no personal knowledge to support that allegation, the remaining assertions are not sufficient.

First, contrary to the plaintiff's claim, the defendant has not waived personal jurisdiction by his active litigation of the case since the Motion to Dismiss was denied. The Court ruled against Mr. Lopez' challenge to personal jurisdiction and his active defense of the case did not imply an intent to abandon that claim after it had been rejected. *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.* 953 F.2d 21, 26 (1st Cir. 1992), upon which Ms. Blau relies, is not comparable on its facts, and it would be a "distortion of the waiver doctrine" to rule that a defendant whose opposition to personal jurisdiction has been overruled is required to thereafter sit on his hands, mum, for the remainder of the case to avoid forfeiting his objection. *Id.* That would be a ludicrous result.

Second, Mr. Lopez' Motion to Reconsider is not *per se* improper[1] and he is not limited to the procedural vehicles of Fed. Rules Civ. P. 59 and 60, as Ms. Blau

---

[1] Ms. Blau makes the point that the earlier Motion to Dismiss (ECF No. 6), which Mr. Lopez seeks the Court to reconsider, was a response to the initial Complaint and its allegations. Subsequent to the filing of that Motion but before it was denied, Ms. Blau filed an Amended Complaint, whose allegations were somewhat different. In her Objection to Reconsideration, Ms. Blau points out that the Amended Complaint rendered the original Complaint moot. *Kolling v. American Power Conversion Corp.,* 347 F.3d 11, 16 (1st Cir. 2003) ("Kolling's amended complaint completely supersedes his original complaint, and thus the original complaint no longer performs any function in the case."). Whether Mr. Lopez should have filed a new Motion to Dismiss based on the Amended Complaint and whether the Court *can* reconsider a denial of a superseded Motion to Dismiss, are interesting questions that the Court need not resolve because of its finding that personal jurisdiction has not been undone by the retraction of the hotel-related allegation.

contends.[2]  The Court has inherent authority, in its discretion, to reconsider any prior, interlocutory ruling.  "The district courts are necessarily afforded substantial discretion in ruling on motions for reconsideration." *Serrano-Perez v. FMC Corp.,* 985 F.2d 625, 628 (1st Cir. 1993).

However, the Court denies the Motion for Reconsideration because it finds that even without the hotel-related allegation, Ms. Blau has carried her burden of demonstrating personal jurisdiction.  The allegation that Mr. Lopez legally formed the company while in a hotel room in Rhode Island was not the only assertion in support of the exercise of personal jurisdiction.  Ms. Blau recited a string of activities occurring in Rhode Island that were for the purpose of establishing Going Global: making visits to stores for comparison purposes, networking possible clients, discussing parameters of the business.  Mr. Lopez disputes her characterization of his activities as being conducted for the purpose of establishing the business and their business relationship, and he contends that his activities in Rhode Island were purely social.  But the Court is permitted to accept documented evidence in support of personal jurisdiction "regardless of whether the defendant disputes it." *Laccinole v. Navient Solutions, LLC,* 589 F. Supp.3d 261, 266 (D.R.I. 2022).  Indeed, in neither the Court's description of Mr. Lopez' activities supporting personal jurisdiction or the Order upholding personal jurisdiction, was the hotel room mentioned at all:

> Ms. Blau, on the other hand, asserts that the two men came to Rhode Island to meet with her specifically for the purpose of forming Going

---

[2] Rule 59 concerns altering or amending a judgment and Rule 60 governs relief from a judgment.

> Global as a business enterprise, and that during the three days they discussed the business, agreed on its structure and ownership, planned strategies, and scouted out potential clients.

(ECF No. 23, at 2.)

The Motion for Reconsideration (ECF No. 77) is DENIED.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

Date:   March 22, 2024